# United States Court of Appeals for the Fifth Circuit

_____

No. 25-10140
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2025

Lyle W. Cayce
Clerk

CATHERINE A. BLACK,

> *Plaintiff—Appellant*,

*versus*

UNUM LIFE INSURANCE COMPANY OF AMERICA,

> *Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2116

_____

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Catherine A. Black challenges the termination of her long-term disability benefits under an ERISA-governed plan. Defendant-Appellee Unum Life Insurance Company of America, the plan's administrator, denied continuation of her benefits after reviewing her

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

updated medical records. We agree with the district court that Unum's decision did not constitute an abuse of discretion and therefore AFFIRM.

## I.

In 2012, Black began working as operations support administrative assistant for Paycom Payroll, LLC. As an employee, she participated in Paycom's group insurance plan, which was governed by ERISA and administered by Unum. Under the policy, a plan participant qualifies for long-term disability benefits for twenty-four months if Unum determines that sickness or injury: (1) limits her from performing her "regular occupation" and (2) results in a loss of at least 20% of her monthly earnings. After twenty-four months, coverage extends only to those who cannot perform "any gainful occupation for which [they] are reasonably fitted by education, training or experience" due to the same sickness or injury.

Black struggled with poor health in 2014. She left her job to undergo gallbladder surgery in August. A couple months later, Black attempted to return to work but suffered from vertigo too much to stay. In December, she had sinus surgery. On January 7, 2015, Unum approved Black's claim for long-term disability benefits.

After six years of paying Black those benefits, Unum received information in 2021 that led to the denial of her continued coverage. In June of that year and following spinal surgery, Black submitted a Disability Status Update to Unum in which she identified three treating healthcare professionals: Julie Hamilton, PA-C, her primary-care provider; Nnamdi Dike, D.O., her neurologist; and Scott Blumenthal, M.D., her spine surgeon.

In August, Unum followed up with Black's listed providers and asked them whether, in their medical judgment, Black could return to sedentary work. Hamilton and Dr. Dike said yes. Dr. Blumenthal did not respond. Consistent with those opinions, Unum decided that Black lacked support to

show that she was limited from performing sedentary work. Because such disability was a condition to continued coverage, Unum notified Black on September 16, 2021 that it was terminating her benefits.

One month later, Black met with a vascular surgeon, Gregory Pearl, M.D., who diagnosed her with thoracic outlet syndrome. In February 2022, Dr. Pearl performed a right-thoracic-outlet decompression on Black in an effort to treat her enduring right-arm pain. And one month after surgery, Black submitted medical records from her visits with Dr. Pearl as part of an administrative appeal of Unum's termination decision. That appeal was denied initially and on reconsideration.

On September 22, 2022, Black filed this suit against Unum, challenging the termination of her long-term disability benefits. On cross motions for summary-judgment, the district court remanded the proceedings for Unum to enlist a qualified healthcare professional (in lieu of Amanda Abbott, a registered nurse and Unum employee) to review Black's file. Unum engaged Arlen Green, D.O., a physical medicine and rehabilitation specialist, and Eric Wellons, M.D., a vascular surgeon, for the last chapter in the review process.[1] Both Dr. Green and Dr. Wellons opined that Black's medical records did not support the conclusion that Black could not perform sedentary work. So, Unum upheld its decision denying Black's claim for continued benefits.

With the final administrative denial, the case returned to the district court. After a thorough review of the medical evidence and administrative record, the district court entered judgment in favor of Unum. Black timely appealed.

---

[1] When Black disputed Dr. Green's qualifications to opine on thoracic outlet syndrome, Unum decided to also consult Dr. Wellons.

II.

The focus of Black's appeal is Dr. Pearl's operative report. Relying on it, she highlights several purported deficiencies in Unum's decision to discontinue coverage—none of which we find convincing under the governing abuse-of-discretion standard.[2]

We affirm a plan administrator's decision so long as it "fall[s] somewhere on a continuum of reasonableness—even if on the low end."[3] To be reasonable, a decision must be supported by substantial evidence.[4] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]

Unum denied continuing coverage to Black for lack of "available medical information" showing that she was "limited . . . from performing the demands of her regular occupation." Its decision was supported by reports from at least four healthcare professionals. As the district court recognized, two of Black's providers, "Dr. Dike and Hamilton, cleared her for sedentary work . . . [and] nothing in their reports suggest[s] Black could not perform the duties of gainful occupation consistent with her experience, training, and

---

[2] Where, as here, "an ERISA plan lawfully delegates discretionary authority to the plan administrator, a court reviewing the denial of a claim is limited to assessing whether the administrator abused that discretion." *Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 247 (5th Cir. 2018) (en banc). A district court's conclusion that a plan administrator did not abuse its discretion in denying benefits is reviewed de novo. *Pickrom v. Belger Cartage Serv., Inc.*, 57 F.3d 468, 471 (5th Cir. 1995).

[3] *Foster v. Principal Life Ins. Co.*, 920 F.3d 298, 304 (5th Cir. 2019) (alteration in original) (quoting *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 247 (5th Cir. 2009)).

[4] *See, e.g.*, *id.*

[5] *Id.* (quoting *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010) (per curiam)).

education." And Unum-retained physician Dr. Wellons—who, notably, practices in the same specialty as Dr. Pearl—concluded that "there [we]re no clinical, exam or diagnostic findings during the period under review that would support [restrictions or limitations] precluding performance of the outlined occupational demands." Thus, Unum's decision was supported by substantial evidence.

Black, on the other hand, posits that Dr. Pearl's operative report constitutes reliable evidence that she endured "severe daily disabling" pain. But as the district court noted, "Even Dr. Pearl, on whose reports Black heavily relies, wrote in December 2021 . . . that Black reported 'excellent temporary relief of her longstanding . . . symptoms' and that 'virtually all of her pain was alleviated.'" Her argument misunderstands Unum's burden on abuse-of-discretion review: "Even if an ERISA plaintiff 'support[s] his claim with substantial evidence, or even with a preponderance,' he will not prevail for that reason. Rather, it is the *plan administrator*'s decision that must be supported by substantial evidence[.]"[6] This court has emphasized that "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans."[7]

For these reasons and those expressed in the district court's careful December 2, 2024, Memorandum Opinion and Order, we AFFIRM the district court's judgment.

---

[6] *Id.* (citation omitted) (quoting *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004)).

[7] *Holland*, 576 F.3d at 250 (quoting *Corry v. Liberty Life Assurance Co. of Bos.*, 499 F.3d 389, 401 (5th Cir. 2007)).